THORNTON and others, Respondents, vs. LOISELLE and wife, Appellants.

*April 6—May 3, 1955.*

For the appellants there was a brief by *Ingolf E. Rasmus* and *John R. Frampton,* both of Chippewa Falls, attorneys, and *Bertie & Bettenburg* of St. Paul, Minnesota, of counsel, and oral argument by *Mr. Frampton.*

For the respondents there was a brief by *Stafford, Pfiffner & Stafford* of Chippewa Falls, and oral argument by *Robert F. Pfiffner.*

STEINLE, J. The burden of proof to establish the encroachment rested on the plaintiffs. After both sides had rested their case, the court rendered its decision wherein it said:

"I have changed both surveys, the one which Mr. Tilbury used and the one which Mr. Loken used, neither one of them I have held is correct. In other words, Mr. Loken's was located at exactly 132 feet. I have held it is not correct because of the shortage and the north line which I have to compensate for. There is no evidence at all of the accuracy of that stake. Mr. Cray who has worked in there doesn't know who put it in or when it was put in or anything or how long it had been there. There is nothing I can tie it to to make it accurate. The ground itself discloses it is not accurate, placed too far east $95/100$ of a foot."

When this statement had been made by the court the plaintiffs requested a finding that the building encroaches on plaintiffs' property. The court said:

"I don't know whether it encroaches. I think you should have that description laid down on the ground with a supplement record and a separate hearing to determine then whether or not it encroaches so that we know exactly what we are talking about. If you are going to have an encroachment it has to be accurate. You may make a separate, supplemental report and give me the description of the encroachment, if any at that time and renew your motion on notice to the other party for judgment."

The rule in this type of case is identical with that in an ejectment action. In *Chicago Club of Lake Geneva v. Ryan* (1931), 203 Wis. 272, 279, 234 N. W. 488, it was said that:

"The location of a boundary line or corner is a fact to be proved, and the plaintiff in an ejectment action has the burden of proof and must recover, if at all, on the strength of his title. He cannot depend on the weakness or indefiniteness of the opposing claim."

The court was bound to have rendered a determination upon the basis of the evidence in the record. It exceeded its jurisdiction when ordering a new survey upon the description and in directing the presentation of further evidence with respect thereto. Plaintiffs' survey had shown an encroachment. However, that survey was rejected by the court. There was no other testimony to establish encroachment. In view of the court's inability to accept plaintiffs' evidence of survey after each side had rested its case, the court had no choice other than to order that the plaintiffs' cause of action be dismissed for failure of proof.

*By the Court.*—Judgment reversed, with directions that it be set aside and judgment entered dismissing plaintiffs' complaint upon the merits.